**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE KARA HOMES, INC., et al., | : | Bankruptcy No. 06-19626 (MBK) |
|  | : | Adv. Proc. No. 08-2406 (MBK) |
| Reorganized Debtors. | : |  |
|  | : |  |
| BERNARD A. KATZ, Liquidating | : | CIVIL ACTION NO. 09-1775 (MLC) |
| Trustee for the Kara Homes Inc. | : |  |
| Liquidation Trust and for the | : | **MEMORANDUM OPINION** |
| Kara at Mt. Arlington I, LLC | : |  |
| Liquidation Trust, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| ZUHDI KARAGJOZI, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

Kara Homes, Inc. filed a voluntary bankruptcy petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., on October 5, 2006 in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). See Bankr. No. 06-19626 (MBK), dkt. entry no. 1, Pet. On October 3, 2008, plaintiff, the Liquidating Trustee for the Kara Homes Inc. Liquidation Trust and the Kara at Mt. Arlington I, LLC Liquidation Trust, brought an adversary proceeding against Zuhdi Karagjozi ("Z. Karagjozi"), Lysbeth Karagjozi, and National Union Fire Insurance Company ("National Union") asserting claims for, inter alia, (1) avoidance and recovery of alleged fraudulent

transfers made to Z. Karagjozi, (2) breach of fiduciary duty against Z. Karagjozi, (3) breach of contract and bad faith against National Union, (4) disallowance of Z. Karagjozi's proof of claims, and (5) equitable subordination of Z. Karagjozi's claims against the bankruptcy estate ("Adversary Proceeding"). (Dkt. entry no. 1, Certification of David A. Ward, Ex. 1, Compl. at 13-28.) Z. Karagjozi asserted cross-claims against National Union seeking to recover damages for, <u>inter</u> <u>alia</u>, breach of contract. (<u>Id.</u>, Ex. 2, Z. Karagjozi Answer and Cross-Cl. at 17-20.) Z. Karagjozi now moves to withdraw the reference of this matter to the Bankruptcy Court. (Dkt. entry no. 1, Mot. to Withdraw Reference.) Plaintiff opposes the motion. (Dkt. entry no. 4, Pl. Br.) The Court determines the motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny the motion.

## DISCUSSION

### I. Applicable Legal Standards

A "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining if there is cause to withdraw a reference to the bankruptcy court, the court should consider a number of factors, including "the goals of promoting uniformity in

2

bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." <u>In re Pruitt</u>, 910 F.2d 1160, 1168 (3d Cir. 1990) (internal quotation omitted); <u>see</u> <u>In re Velocita Corp.</u>, 169 Fed.Appx. 712, 716 (3d Cir. 2006). The threshold factor is whether the proceeding subject to the withdrawal request is "core" or "non-core" to the bankruptcy action. <u>Certain Underwriters at Lloyd's of London v. Otlowski</u>, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009); <u>Mass. Mut. Life Ins. Co. v. Marinari</u>, No. 07-5201, 2008 WL 1995126, at *2 (D.N.J. May 6, 2008); <u>In re E. W. Trade Partners, Inc.</u>, No. 06-1812, 2007 WL 1213393, at *3 (D.N.J. Apr. 23, 2007).

Core proceedings are "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1); <u>see</u> <u>In re Seven Fields Dev. Corp.</u>, 505 F.3d 237, 254 (3d Cir. 2007). A non-core proceeding is one that is "not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1); <u>see</u> <u>In re Seven Fields Dev. Corp.</u>, 505 F.3d at 254. The "bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3). Thus, the bankruptcy judge, not the district court, determines whether

a proceeding is core or non-core.  <u>See</u> <u>id.</u>; <u>Certain Underwriters</u>
<u>at Lloyd's of London</u>, 2009 WL 234957, at *2; <u>In re E. W. Trade</u>
<u>Partners, Inc.</u>, 2007 WL 1213393, at *3.

## II.  Legal Standards Applied Here

Z. Karagjozi argues that the reference should be withdrawn
because he has a right to a jury trial on most of the claims and
has not consented to the Bankruptcy Court conducting the jury
trial.  (Dkt. entry no. 1, Z. Karagjozi Br. at 5-7; dkt. entry
no. 8, Z. Karagjozi Reply Br. at 3-5.)  Z. Karagjozi also argues
that several claims, specifically those pertaining to insurance
coverage issues, are non-core proceedings, which favors
withdrawal of the reference.  (Z. Karagjozi Br. at 7-9.)  Z.
Karagjozi contends that it would be inefficient to maintain the
reference to the Bankruptcy Court.  (<u>Id.</u> at 9.)

Plaintiff argues that the motion to withdraw the reference
is not ripe for disposition because the Bankruptcy Court has not
yet decided whether the Adversary Proceeding is a core or non-
core proceeding.  (Pl. Br. at 4-6.)  Plaintiff further asserts
that the Adversary Proceeding is a core proceeding, and that Z.
Karagjozi is not entitled to a jury trial because he previously
consented to the Bankruptcy Court's jurisdiction.  (<u>Id.</u> at 6-10.)
Plaintiff also argues that Z. Karagjozi has not established cause
to withdraw the reference from the Bankruptcy Court.  (<u>Id.</u> at 12-
14.)

The Court concludes that Z. Karagjozi's motion to withdraw the reference to the Bankruptcy Court is premature since the Bankruptcy Court has not yet determined whether the Adversary Proceeding is a core or non-core proceeding. The core or non-core determination is a "threshold factor" in the withdrawal analysis, and should be made in the first instance by the Bankruptcy Court. See In re E. W. Trade Partners, Inc., 2007 WL 1213393, at *3; see also In re Int'l Benefits Group, Inc., No. 06-2363, 2006 WL 2417297, at *2 (D.N.J. Aug. 21, 2006) (characterizing the core/non-core determination as the "most important factor" in court's withdrawal analysis). Here, the Bankruptcy Court has not been asked to determine whether the Adversary Proceeding is a core or non-core proceeding. See Adv. Proc. No. 08-2406 (MBK). The motion is therefore premature, and will be denied without prejudice and with leave to move again under a new civil action number after the Bankruptcy Court decides if the Adversary Proceeding is a core or non-core proceeding. See Certain Underwriters at Lloyd's of London, 2009 WL 234957, at *2 (concluding that motion to withdraw reference was not ripe for decision until bankruptcy court decides whether matter is core or non-core); In re E. W. Trade Partners, Inc., 2007 WL 1213393, at *3-*4 (finding motion to withdraw reference not ripe for consideration where bankruptcy court had not determined whether proceeding was core or non-core); see also In re Montgomery Ward & Co., Inc., 428 F.3d 154,

159-60 (3d Cir. 2005) (referencing with approval district court's decision to allow bankruptcy court, in first instance, to determine if matter was core or non-core); Travellers Int'l AG v. Robinson, 982 F.2d 96, 97-98 (3d Cir. 1992) (commenting approvingly on district court's procedure of submitting core/non-core question to bankruptcy court for determination before district court decided motion to withdraw reference).[1]

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion.  The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: July 22, 2009

---

[1]  Z. Karagjozi asserts that it would be "a waste of time" to allow the Bankruptcy Court to determine if the Adversary Proceeding is a core or non-core proceeding since he has a right to a jury trial on the primary claims in the district court.  (Z. Karagjozi Reply Br. at 5-6.)  The Court notes, however, that the "mere fact that a Defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy." Gen. Elec. Capital Corp. v. Teo, No. 01-1686, 2001 WL 1715777, at *4 (D.N.J. Dec. 14, 2001); see In re Prosser, No. 2008-61, 2008 WL 2845662, at *2-*3 (D.V.I. July 18, 2008).  There are situations in which maintaining the reference to the bankruptcy court, despite the demand for jury trial, until resolution of all pretrial matters promotes uniformity in bankruptcy administration, reduces confusion, fosters economical use of debtors' and creditors' resources, and expedites the bankruptcy process.  See In re Chet Decker, Inc., No. 06-3658, 2006 WL 3019663, at *3-*4 (D.N.J. Oct. 23, 2006); Gen. Elec. Capital Corp., 2001 WL 1715777, at *4-*5.